**Signed: May 13, 2011**

_____
**EDWARD D. JELLEN**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                         No. 11-41988
                                              Chapter 11
JAMES W. MOORE,

                         Debtor./

MEMORANDUM DECISION

     Paul Zinchik and Leonid Zinchik, individually and as Trustee of

the Irina and Leonid Zinchik Trust ("the Zinchiks") have moved for

relief from the automatic stay provided by Bankruptcy Code

§ 362(a)(1) to permit them to continue prosecution of a fraudulent

conveyance action against certain transferees to which the above

debtor, James Moore ("Moore"), conveyed interests in two parcels of

real property prior to the filing of the petition herein.  The

Zinchiks also request relief to continue prosecution of a similar

action as to a third parcel, as to which the Zinchiks contend that

Moore was never on title, but as to which he may have a claim for

some net proceeds, if there be any, in the event of a sale following

the rehabilitation of that parcel.

/////

Memorandum Decision

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

1    The Zinchiks are judgment creditors of Moore.  On August 23,

2 2010, they recorded an Abstract of Judgment in Alameda County,

3 California, where the parcels at issue are located.[1]  As to two of

4 the parcels at issue, Moore quitclaimed his interest for no

5 consideration to the fraudulent conveyance defendants prior to the

6 Zinchiks' recordation of the abstract of judgment.

7    The Zinchiks contend that, because the transfers were

8 fraudulent, Moore retained a resulting trust or other equitable

9 interest in the properties transferred, to which their judgment lien

10 attached notwithstanding the fact that such lien came into existence

11 after the transfer.

12    Moore opposes relief, and contends that the Zinchiks' judgment

13 against him is on appeal, and thus, that they may end up not being

14 his creditors.  And in any event, Moore contends that the fraudulent

15 conveyance claims are property of his bankruptcy estate, and that

16 any recovery thereon should be for the benefit of all the creditors

17 of the estate, not just the Zinchiks.

18    For the reasons hereinafter set forth, the court will deny the

19 Zinchiks' motion.

20    Generally, under California law, an Abstract of Judgment does

21 not attach to any property that had been transferred prior to

22 recordation of the Abstract of Judgment.  Casey v. Gray, 13

23

24    [1]Under Cal. Civ. Pro. Code § 697.340, recordation of an
Abstract of Judgment creates a lien on "all interests in real
25 property in the county where the lien is created (whether present
or future, vested or contingent, legal or equitable) . . . "
26

Memorandum Decision                2

Cal.App.4th 611, 614, 16 Cal.Rptr.2d 538 (1993).  Thus, under this general rule, the Zinchiks would have no interest in the parcels at issue, or any claims to recover same.

However, in Fidelity National Title Ins. Co. v. Schroeder, 179 Cal.App.4th 834, 101 Cal.Rptr.3d 854 (2009), the court held that when a conveyance gives rise to a resulting trust under circumstances showing that the transferee was not intended to take a beneficial interest, then it would follow that the transferor retained equitable, if not legal, title.  And, held the court, it would also follow that such retained equitable title can be subject to the claims of judgment creditors of the transferor.

Here, the Zinchiks assert their lien claims on a theory similar to that discussed in Schroeder.  There are two problems, however, with application of that theory here.  First, there has been no finding that Moore did not intend to pass full legal and equitable title to his transferees.  Thus, whether California law would impose a resulting trust on the properties is presently an unknown.

Secondly, and perhaps more significantly, Schroder was not a bankruptcy case, in which the rules of the road regarding debtor-creditor relations are quite different than those outside of bankruptcy.  In In re North American Coin & Currency Ltd., 767 F.2d 1573 (9th Cir. 1985), the Ninth Circuit had occasion to discuss the interplay between equitable remedies such as constructive trusts and bankruptcy laws.  In that case, the plaintiffs, customers of the debtor, had sought to impose a constructive trust on certain funds they had paid to the debtor on the eve of bankruptcy, claiming that

Memorandum Decision                    3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

1 the debtor had acquired such funds by fraud. Id. at 1574. The

2 bankruptcy court had declined to impose the trust, and the district

3 court affirmed the ruling. An appeal to the Ninth Circuit followed.

4 In affirming the rulings below, the Ninth Circuit noted that it

5 is a relevant consideration whether, at the time of a bankruptcy, an

6 equitable trust had actually been imposed by a court on the property

7 at issue, or whether, rather, it remained merely an inchoate

8 equitable remedy, as is the case here. Id. at 1575.

9 With reference to the circumstance where the equitable remedy

10 was inchoate at the time of bankruptcy, the court stated:

11 We necessarily act very cautiously in exercising such a
   relatively undefined equitable power in favor of one group
12 of potential creditors at the expense of other creditors,
   for a ratable distribution of among all creditors is one
13 of the strongest policies behind the bankruptcy laws.

14 Id. The court concluded:

15 We fail to discern the equitable principle that requires
   us to protect the plaintiffs' investments fully, at the
16 expense of these other creditors. Indeed, the equities,
   as well as the principles underlying the bankruptcy laws,
17 point in the other direction.

18 Id. at 1578.

19 Here, the fraudulent conveyance claims against the transferees

20 are property of Moore's bankruptcy estate. Bankruptcy Code

21 §§ 544(a)(3)(fraudulent conveyance and other avoidance claims

22 arising under state law) and 548(a) (fraudulent conveyances). No

23 court has imposed a resulting trust thereon, and it is uncertain

24 whether any grounds exist for any court to do so.

25 And even if there might be such grounds, the court sees no

26 equities that would dictate that the Zinchiks, rather than the

Memorandum Decision                    4

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

1 general creditor body, exclusively enjoy the value of the parcels at

2 issue at the expense of the other creditors, should the transfers

3 thereof be avoidable.

4     Consequently, the court will issue its order denying the

5 Zinchiks' motion for relief from the automatic stay.

6

7                          **END OF ORDER**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Memorandum Decision                    5

COURT SERVICE LIST

Eric D. Miller, Esq.
Millerhauser Law Group, LLP
4 Embarcadero Center, 39th Floor
San Francisco, CA 94111

David M. Sternberg, Esq.
David M. Sternberg & Associates
540 Lennon Lane
Walnut Creek, CA 94598

Office of the U.S. Trustee
1301 Clay Street, Suite 690-N
Oakland, CA 94612

Memorandum Decision                     6

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612